UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ANGELA VARGAS-MOLANO,

    Plaintiff,

vs.

U.S. COMMITTEE FOR REFUGEES
AND IMMIGRANTS, INC.,
a foreign not-for-profit corporation,

**Jury Trial Demanded**

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Angela Vargas-Molano, by her undersigned attorney, makes the following Complaint against the Defendant, U.S. Committee for Refugees and Immigrants, Inc.:

1. This is an action to redress violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. § 4301 *et seq*.

### Jurisdiction

2. The plaintiff has chosen not to apply to the Secretary of Labor for assistance under 38 U.S.C. § 4322(a). This action is therefore authorized by 38 U.S.C. § 4323(a)(3)(A).

3. This court has jurisdiction over the plaintiff's USERRA claims pursuant to 38 U.S.C. § 4323(b)(3) and 28 U.S.C. § 1331.

4. The alleged statutory violations occurred in this district and the defendant maintains a place of business in this district. Venue of this action is proper pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391.

## Parties

5. The plaintiff, Angela Vargas-Molano ("Vargas-Molano"), is and at the time of the alleged statutory violations was an adult resident of the State of Florida.

6. The defendant, U.S. Committee for Refugees and Immigrants, Inc. ("USCRI") is a corporation organized and doing business pursuant to the laws of the State of New York with a principal place of business in Arlington, Virginia.

7. USCRI is authorized to conduct business in the State of Florida and maintains a place of business in Lake Worth Beach, Palm Beach County, Florida.

## General Allegations

8. Vargas-Molano began employment by USCRI in the summer of 2019.

9. During her employment by USCRI, Vargas-Molano enlisted in the National Guard, a uniformed service of the United States.

10. After Vargas-Molano enlisted in the National Guard, she was ordered to report for 24 weeks and 5 days of National Guard training, with a reporting date of November 18, 2019, approximately one week in advance of the commencement of her training.

11. On or about October 12, 2019, Vargas-Molano submitted a request for an active duty uniformed service leave to USCRI with a start date of November 18, 2019.

12. When USCRI asked Vargas-Molano what her return date would be, Vargas-Molano said she couldn't say for sure because it was up to the military.

13. When USCRI told Vargas-Molano that it just needed to put a date on the paperwork and that the date didn't matter, Vargas-Molano repeated that her release date was up the military but she estimated that it would be somewhere around May 15, 2020.

14. After Vargas-Molano notified USCRI of her enlistment and requested a leave of absence, her supervisor told Vargas-Molano that she had to choose between staying with USCRI or joining the military.

15. Vargas-Molano took the supervisor's statement at face value and believed, since she had chosen the military, there would no longer be a position for her at USCRI.

16. If USCRI had not told Vargas-Molano that she needed to choose between USCRI and joining the military, Vargas-Molano would have notified USCRI of her desire for reemployment as soon as the National Guard notified her of her release date.

17. Vargas-Molano was released from her uniformed service training obligation on or about May 18, 2020.

18. Vargas-Molano's supervisor at USCRI contacted her on May 27, 2020 to ask when she was coming back to work.

19. Vargas-Molano told her supervisor that she understood that she was no longer allowed to work at USCRI because she had been given a choice between military service and employment at USCRI and she chose military service. Vargas-Molano also told her supervisor that she wanted to be reemployed and if reemployment was being offered, she was willing and available to report to work on the following day.

20. Despite receiving notice that Vargas-Molano wanted to be reemployed and was willing and available to return to work, Vargas-Molano's supervisor did not tell her to return to work. Instead, the supervisor said he would contact Human Resources about reemployment and would get back to Vargas-Molano.

21. On or about June 17, 2020, Vargas-Molano contacted her supervisor at USCRI by text message. The message stated that the supervisor had never gotten back to

Vargas-Molano about her reemployment and asked for written notification of her employment status.

22. On or about June 18, 2020, Vargas-Molano received a letter from USCRI advising her that USCRI had terminated her employment effective May 15, 2020.

23. Vargas-Molano was performing active service with the National Guard on May 15, 2020.

24. USCRI purported to terminate Vargas-Molano's employment because she violated company policy by failing to report to work for three consecutive days, beginning with May 15, 2020. Vargas-Molano was performing active service with the National Guard on each of those three consecutive days.

25. USCRI was motivated to terminate Vargas-Molano's employment by her decision to serve in the National Guard and to take the leave that is mandated by the USERRA.

26. Vargas-Molano retained private counsel to represent her regarding the violation of her USERRA rights. After USCRI was contacted by Vargas-Molano's counsel regarding its USERRA violation, USCRI claimed that it would reemploy Vargas-Molano. To the date of filing of this complaint, USCRI has failed and refused to reemploy Vargas-Molano.

27. Vargas-Molano has lost wages and benefits from the date of her release from her uniformed service obligation on May 18, 2020 to the present and will continue to lose wages and benefits until the date of her reinstatement.

### First Claim: Unlawful Termination in Violation of 38 U.S.C. § 4311

28. Vargas-Molano realleges and incorporates paragraphs 1 to 27 of this Complaint.

29. On the effective date of the termination of Vargas-Molano's employment by USCRI and at all times thereafter, Vargas-Molano was a member of a uniformed service whose employment was protected by 38 U.S.C. § 4311(a).

30. USCRI terminated the employment of Vargas-Molano notwithstanding that she was on active duty in a uniformed service on the effective date of the termination.

31. Vargas-Molano's application for service and service in a uniformed service was a motivating factor in USCRI's decision to terminate Vargas-Molano's employment while she was still serving her country.

32. The termination of Vargas-Molano's employment by USCRI violated Vargas-Molano's right to retention in employment as guaranteed by 38 U.S.C. § 4311(a).

33. The above-described termination of Vargas-Molano's employment was a direct, proximate, and substantial cause of injury to Vargas-Molano, including loss of wages and benefits.

34. USCRI's above-described violation of the USERRA was willful.

### Second Claim: Unlawful Refusal of Reemployment in Violation of 38 U.S.C. § 4311

35. Vargas-Molano realleges and incorporates paragraphs 1 to 27 of this Complaint.

36. Vargas-Molano requested reemployment by USCRI pursuant to 38 U.S.C. § 4311(a).

37. USCRI refused to reemploy Vargas-Molano.

38. Vargas-Molano's application for service and service in a uniformed service was a motivating factor in USCRI's refusal to reemploy Vargas-Molano.

39. USCRI's refusal to reemploy Vargas-Molano's violated Vargas-Molano's right to reemployment as guaranteed by 38 U.S.C. § 4311(a).

40. The above-described refusal to reemploy Vargas-Molano was a direct, proximate, and substantial cause of injury to Vargas-Molano, including loss of wages and benefits.

41. USCRI's above-described violation of the USERRA was willful.

**Third Claim: Unlawful Refusal of Reemployment in Violation of 38 U.S.C. § 4312**

42. Vargas-Molano realleges and incorporates paragraphs 1 to 27 of this Complaint.

43. Vargas-Molano gave advance notice of her enlistment and service requirement to USCRI.

44. The cumulative length of Vargas-Molano's absence from her employment with USCRI by virtue of her uniformed service did not exceed five years.

45. Vargas-Molano's service in the National Guard extended from November 18, 2019 to May 18, 2020 and therefore exceeded 180 days.

46. Vargas-Molano requested reemployment by USCRI pursuant to 38 U.S.C. § 4312(a)(3).

47. Vargas-Molano gave timely notice to USCRI of her request for reemployment pursuant to 38 U.S.C. § 4312(e)(1)(D).

48. After receiving notice of Vargas-Molano's request for reemployment, USCRI refused to reemploy Vargas-Molano.

49. USCRI's refusal to reemploy Vargas-Molano's violated Vargas-Molano's right to reemployment as guaranteed by 38 U.S.C. § 4312(a).

50. The above-described refusal to reemploy Vargas-Molano was a direct, proximate, and substantial cause of injury to Vargas-Molano, including loss of wages and benefits.

51. USCRI's above-described violation of the USERRA was willful.

### Fourth Claim: Discrimination in Violation of 38 U.S.C. § 4311

52. Vargas-Molano realleges and incorporates paragraphs 1 to 27 of this Complaint.

53. USCRI discriminated against Vargas-Molano by advising her that she needed to choose between employment by USERRA and continued employment by USCRI.

54. USCRI's discrimination against Vargas-Molano was motivated by Vargas-Molano's exercise of her protected right to apply for membership in a uniformed service.

55. USCRI's discrimination against Vargas-Molano violated 38 U.S.C. § 4311(b).

56. USCRI's discrimination against Vargas-Molano caused Vargas-Molano to delay her request for reemployment by inducing the belief that she had lost her employment by USCRI and would not be reemployed by USCRI.

57. USCRI's discrimination against Vargas-Molano was a direct, proximate, and substantial cause of injury to Vargas-Molano, including loss of wages and benefits.

58. USCRI's above-described violation of the USERRA was willful.

### Request for Relief

WHEREFORE, Plaintiff Angela Vargas-Molano requests the entry of judgment against Defendant U.S. Committee for Refugees and Immigrants, Inc. as follows:

a. awarding the Plaintiff her lost wages and benefits in an amount to be proved at trial pursuant to 38 U.S.C. § 4323(d)(1)(B);

  b. awarding the Plaintiff an equal amount as liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

  c. ordering the Defendant to reinstate the Plaintiff to her former position pursuant to 38 U.S.C. § 4323(d)(1)(A) without impairment of any rights and benefits afforded to the Plaintiff by the USERRA;

  d. enjoining the Defendant from taking further action to discriminate against the Plaintiff or to otherwise violate rights guaranteed by the USERRA, pursuant to 38 U.S.C. § 4323(e);

  e. awarding the Plaintiff reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4323(h)(2);

  f. awarding the Plaintiff the costs of his action; and

  g. for such further relief as is just.

### Jury Demand

Plaintiff demands a trial by jury.

Dated: November 2, 2020    Respectfully submitted,
Plantation, Florida

            */s/ Robert S. Norell*
            Robert S. Norell, Esq. (Fla. Bar No. 996777)
            E-Mail: rob@floridawagelaw.com
            **ROBERT S. NORELL, P.A.**
            300 N.W 70th Avenue
            Suite 305
            Plantation, Florida 33317
            Telephone: (954) 617-6017
            Facsimile: (954) 617-6018
            *Counsel for Plaintiff*